# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| CHARLES SCHIAVO,<br><br>       Plaintiff,<br><br>       v.<br><br>TD BANK USA NATIONAL<br>ASSOCIATION,<br><br>       Defendant. | )<br>)<br>)<br>)   C.A. No. N24C-08-107 FWW<br>)<br>)<br>)<br>)<br>)<br>) |

Submitted: June 11, 2025
Decided: July 28, 2025

*Upon Defendant TD Bank USA National Association's Motion to Dismiss
Amended Complaint*

**GRANTED**

## MEMORANDUM OPINION AND ORDER

Charles Schiavo, 829B Culbreath Street, Smyrna, DE 19977, Plaintiff, *pro se*.

Mackenzie Wroble, Esquire; Michael B. Gonen, Esquire, DUANE MORRIS, LLP, 1201 North Market Street, Suite 501, Wilmington, DE 19801, attorneys for Defendant TD Bank, N.A. (incorrectly captioned TD Bank USA National Association).

**WHARTON**, **J.**

## I. INTRODUCTION

On February 19, 2025, this Court granted Defendant TD Bank USA National Association's ("TD Bank") Motion to Dismiss Plaintiff Charles Schiavo's ("Schiavo") Complaint in this case[1] and his Complaint in a companion case, *Charles Schiavo v. Clover Network, LLC.*[2] Despite being brought separately, the original complaints were based on the same set of operative facts. They alleged generally that TD Bank, in concert with Clover Network, LLC ("Clover"), fraudulently deprived him of a credit card payment in the amount of $10,175.00.[3] He sought compensatory damages in the amount of $25,000.00 and punitive damages of $150,000.00.[4] After sifting through Schiavo's unstructured Complaint, the Court identified two possible causes of action – breach of contract and theft, but found that Schiavo had failed to state a claim for either.[5]

Schiavo was granted leave to amend his Complaint, but with conditions. Among those conditions were that: (1) any amended complaint must comply with the pleading requirements of Superior Court Civil Rules 8(a), 9(b) (if fraud were

---

[1] *Schiavo v. TD Bank USA National Association,* 2025 WL 551742 (Del. Super. Ct. Feb. 19, 2025).

[2] *Schiavo v. Clover Network, LLC,* 2025 WL 551690 (Del. Super. Ct. Feb. 19, 2025, corrected Feb. 28, 2025).

[3] Compl., D.I. 1.

[4] *Id.*

[5] *Schiavo v. TD Bank,* 2025 WL 551742, at *4.

alleged), 10 (especially 10(b)), and 15(aa); and (2) each claim must state all of the elements necessary to allege each claim.[6] Additionally, the Court permitted Schiavo, if he chose, to join both Defendants in a single amended complaint.[7] Finally, the Court admonished Schiavo that it would strike any amended complaint that included language personally attacking opposing counsel or the Court.[8] This last warning was necessary to dissuade Schiavo from continuing to submit intemperate, filings attacking counsel and the Court.[9]

On May 1, 2025, Schiavo filed his 27-page Amended Complaint.[10] Although both Defendants are joined in a single Amended Complaint, Schiavo curiously expresses his opposition to joinder.[11] TD Bank again moves to dismiss under Superior Court Civil Rules 12(b)(6) and 9(b).[12] The motion contends that: (1) the Amended Complaint raises no new allegations and the Court already determined the allegations in the original Complaint failed to state a claim; (2) the Amended

---

[6] *Id.* at *5.
[7] *Id.*
[8] *Id.*
[9] Before he filed his Amended Complaint, the Court was forced to find Schiavo in civil contempt due to his persistent *ad hominum* attacks on both opposing counsel and the Court. *Schiavo v. TD Bank USA National Association, LLC,* 2025 WL 1088548 (Del. Super. Ct. Apr. 11, 2025).
[10] Amend. Compl., D.I. 69.
[11] *Id.* at ⁋ 2. Apparently, Schiavo misreads the Court's language granting him permission to file a single amended complaint as the Court requiring him to do so. *See, Id.*
[12] Def.'s Mot. to Dismiss, D.I. 72.

Complaint does not satisfy Superior Court Rules; and (3) the Amended Complaint is contumacious.[13]

After carefully considering the parties contentions and the record, TD Bank's motion is **GRANTED** for three independent reasons. First, the Amended Complaint, like its predecessor, fails to state a claim upon which relief can be granted. Second, Schiavo's Amended Complaint fails to follow this Court's rules and orders despite Schiavo being on notice of the consequences of such failure. Third, it is contumacious. The Amended Complaint is **DISMISSED WITH PREJUDICE**.

## II. FACTS AND PROCEDURAL HISTORY

Schiavo initiated this action when he filed a Complaint against TD Bank in August 2024.[14] He preceded that Complaint with a separate one against Clover in July based essentially on the same set of facts.[15] Generally, his Complaint against TD Bank set out the following: (1) Schiavo owns Jems Classic Autos ("Jems");[16] (2) Jems signed an estimate with Asplundh Engineering ("Asplundh") to repair a

---

[13] *Id.*

[14] Compl., D.I. 1.

[15] Compl., *Schiavo v. Clover Network, LLC*, N24C-07-1375 FWW, D.I. 1.

[16] Compl. at ℙ 5, D.I. 1. The paragraphs of the Complaint were not numbered. Counsel for TD Bank helpfully supplied numbers it its Motion to Dismiss, Def.'s Mot. to Dismiss, at Ex. A., D.I. 11. The Court adopts those paragraph numbers here.

2023 Ford F-150 turbo vehicle for approximately $29,000.00, less a 10% discount;[17] (3) on May 26, 2024, Kevin Coin ("Coin"), a representative of Asplundh and authorized user of its credit card, paid Jems $9,500.00 for repairs completed to date;[18] (4) the payment was made by credit card over the telephone with a Clover representative guiding Schiavo and Coin through the process;[19] (5) the payment was credited to Jems' account on May 28, 2024;[20] (6) on June 1st, Coin made a second payment of $9,500.00;[21] (7) this payment also was made by credit card over the telephone, but this time without the assistance of a Clover representative;[22] (8) on June 3rd, this second $9,500.00 payment was credited to Jem's account;[23] (9) on or about June 16th, Coin made a third credit card payment of $10,175.00;[24] (10) this payment was never credited to Jems' account "specifically due to what the Plaintiff believes was fraudulent activity by TD Bank and Clover, hereafter the coconspirators" according to the Complaint.[25]

---

[17] *Id.*
[18] *Id.*
[19] *Id..*
[20] *Id.*
[21] *Id.* at ¶ 6.
[22] *Id.*
[23] *Id.* There is some confusion about the dates because ¶ 6 reads, "On June 15th the second 9,500.00-dollar credit card payment was credited to the Jems bank account on 6-3-24, (Exhibit D)."
[24] *Id.* at ¶ 7.
[25] *Id.*

Based on those facts and other allegations, Schiavo brought claims for fraud and theft.[26]  On September 9, 2024, TD Bank moved to dismiss pursuant to Rules 9(b) and  12(b)(6).[27]  It argued that the Complaint failed to state a claim against it and to particularize it fraud allegation.[28]  After briefing and oral argument jointly with Schiavo's suit against Clover, the Court dismissed the Complaint without prejudice to Schiavo to file an amended complaint.[29]  But, because of the unstructured nature of Schiavo's Complaint, his disregard of pleading rules, including paragraph numbering requirements and page limitations, and his intemperate comments both in his pleadings and at oral argument, the Court imposed conditions on the filing of an amended complaint.  Those conditions were: (1) any amended complaint must comply with the pleading requirements of Rules 8(a); 9(b) (if fraud were alleged), 10 (especially 10(b)), and 15(aa); and (3) any amended complaint that included language personally attacking opposing counsel or the Court would be stricken.[30]

Schiavo filed his Amended Complaint on May 1, 2025.[31]  He availed himself of the Court's offer to allow him to file a single Amended Complaint against both

---

[26] *See, generally,* Compl.., D.I. 1.
[27] Def.'s Mot. to Dismiss, D.I. 11.
[28] *Id.* at ℙ 4.
[29] *Schiavo v. TD Bank USA National Association,* 2025 WL 551742, at *5.
[30] *Id.*
[31] Amend. Compl., D.I. 69.

defendants, but, opposed joinder for trial.[32]   Before Schiavo filed his Amended Complaint, however, the Court found it necessary to hold him in civil contempt as a result of his contumacious language in several of his filings subsequent to the Court's decision dismissing his Complaint.[33]

The Amended Complaint improves upon the Complaint in at least one respect – the paragraphs are numbered in compliance with Rule 10(b).[34]  Unfortunately, his claims for relief are not "short and plain statement[s] of the claim[s]" showing his entitlement to relief as required by Rule 8(a).[35]  Nor is each claim founded upon a separate transaction or occurrence stated in a separate count as required by Rule 10(b).[36]  Finally, the Amended Complaint does not indicate how it differs from the Complaint as required by Rule 15(aa).[37]

---

[32] *Id.* at ⫿ 2.

[33] *Schiavo v TD Bank USA National Association,* 2025 WL 1088548 (Del. Super. Ct. Apr. 11, 2025).

[34] Super. Ct. Civ. R. 10(b). ("All averments of claim or defense shall be made in numbered paragraphs, the contents of which shall limited as far as practicable to a statement of a single set of circumstances…").

[35] Super. Ct. Civ. R. 8(a).

[36] Super. Ct. Civ. R. 10(b).  ("Each claim founded upon a separated transaction or occurrence  and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.").

[37] Super. Ct Civ. R. 15(aa).  ("A party serving an amended pleading shall indicate plainly in the amended pleading in what respect the amendment differs from the pleading which it amends.").

Substantively, much of the Amended Complaint is given over to criticism of opposing counsel and the Court's decision dismissing his Complaint. In fact, according to Schiavo, documentation obtained subsequent to the Complaint and included in the Amended Complaint "doesn't represent any new allegations unless specifically articulated as such in this amended complaint."[38] The Amended Complaint does raise a new claim of a violation of the Delaware Consumer Fraud Act ("DCFA").[39] It adds more detail to his communications with Clover and TD Bank and further expands on the circumstances related to the return of the unsuccessful third payment of $10,175.00 to Asplundh's Bank of America account.

TD Bank moved to dismiss the Amended Complaint on May 15th.[40] Schiavo submitted his Response on the 18th.[41] TD Bank replied on June 11th.[42] Schiavo then filed a document captioned "Plaintiff Responds to the Attorney for TD Bank, June 15th Correspondence!"[43] The document demands information from TD Bank and reargues Schiavo's position.[44] There is no June 15th correspondence from TD Bank on the Superior Court docket. He also docketed a document captioned "Plaintiff

---

[38] Amend. Compl. at ⁋ 1 (emphasis in original), D.I. 69.
[39] *Id.* at ⁋ 1.
[40] Mot. to Dismiss Amend. Compl., D.I. 72.
[41] Pl.'s Resp. D.I. 75.
[42] Def.'s Reply, D.I. 76.
[43] D.I. 78.
[44] *Id.*

Responds to the Attorney for TD Bank, June 20th Correspondence!"[45]  Counsel for TD Bank wrote the Court on June 20th enclosing courtesy copies of its Reply.[46] Nothing in it required a response from Schiavo.  Nevertheless, he took the opportunity to attack TD Bank's counsel and threaten him.[47]

## III.  THE PARTIES' CONTENTIONS

TD Bank's Motion to Dismiss the Amended Complaint makes three arguments for dismissal under Rules 12(b)(6) and 9(b): (1) the Court already rejected the accusations in the Amended Complaint;[48]  (2) the Amended Complaint does not satisfy the rules;[49] and (3) the Amended Complaint is contumacious.[50]

Schiavo's Response requests "for brevity purposes" that the Court "include all the information and Exhibits presented to the Supreme Court in the Plaintiff's appeal regarding Judge Farris [sic] W. Wharton's 'Contempt of Court' conviction of Plaintiff."[51]  It references TD Bank's Motion and attaches exhibits setting out Schiavo's arguments in opposition to each of TD Bank's grounds for dismissal.  The body of the Response is primarily a reargument of the Court's earlier decision

---

[45] D.I. 79.
[46] D.I. 77.
[47] *Id.*
[48] Def.'s Mot. to Dismiss Amend. Compl. at Sec. A, D.I. 72.
[49] *Id.* at Sec B.
[50] *Id.* at Sec. C.
[51] Pl.'s Resp. at ⁋ 1, D.I. 75.

dismissing the Complaint with a reference to additional exhibits submitted after that decision.

TD Bank's brief Reply describes Schiavo's Response as "a running commentary on the Motion, for which he creatively attempts to avoid page limitation by placing his arguments in self-drafted attachments which he purports to incorporate by reference to the main document."[52] More substantively, it notes that the Response does not join the issues and that failure to rebut issues amounts to a concession of those issues.[53]

### III. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim pursuant to Superior Court Rule 12(b)(6) will not be granted if the "plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[54] The Court's review is limited to the well-pled allegations in the complaint.[55] In ruling on a 12(b)(6) motion, the Court "must draw all reasonable factual inferences in favor of the party opposing the motion."[56] Dismissal is warranted "only if it appears with reasonable certainty that the plaintiff could not prove any set of facts that would

---

[52] Def.'s Reply at ¶ 2, D.I. 76.
[53] *Id.* at ¶¶ 3,7.
[54] *Browne v. Robb*, 583 A.2d 949, 950 (Del. 1990).
[55] *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).
[56] *Id.*

10

entitle him to relief."[57] However, the Court will "ignore conclusory allegations that lack specific supporting factual allegations."[58] The Court may, "despite allegations to the contrary," dismiss a complaint "where the unambiguous language of documents upon which the claims are based contradict the complaint's allegations."[59]

## V. DISCUSSION

## A. Previously Adjudicated Allegations

Schiavo leads off his Amended Complaint by declaring:

> There has been verifiable documentation obtained by Plaintiff after filing the original complaints, N24C-07-135 FWW, and N24C-08-107 FWW, which supports the accuracy of the claims made by the Plaintiff in his original complaint. This verifiable documentation obtained by Plaintiff doesn't represent any new allegations unless specifically articulated as such in this amended complaint, but mostly supports Plaintiff's original complaint which claimed 1) breach of contract, 2) fraud on the part of Clover and TD Bank, while condemning TD Bank's outright theft of almost 11,000.00 dollars resulting from Clover ordering TD Bank to back charge the Plaintiff's account, which is considered "unfair business practices" as defined by Delaware Code Title 6, Chapter 2511 Subtitled (II), "***Commerce Fraud".*** Therefore, the Plaintiff is filing an amended complaint providing additional documentation to the Court supporting all the

---

[57] *Id.*
[58] *Ramunno v. Cawley,* 705 A.2d 1029, 10345 (Del. 1998).
[59] *Tigani v. C.I.P. Assocs., LLC,* 2020 WL 2037241, at v*2 (Del. Apr. 27, 2020) (citing *Malpiede v. Townson*, 780 A.2d 1075, 1083 Del. 2001).

> original claims in the original complaint, while adding new defendants and documentation to support the new claims against these additional defendants.[60]

Despite his promise to add new defendants and new claims against the new defendants, Schiavo has done neither. The Amended Complaint simply restates his original claims, not in the form of a complaint, but rather as argument. In fact, Schiavo acknowledges that the Amended Complaint is not designed to remedy the defects in the original, but to "[s]upport the original claims advanced by the Plaintiff in the original complaint 1) breach of contract 2) the claims of fraudulent actions by the defendants…"[61]

Schiavo concedes that he does not raise any new claims or rework his original allegations to set out the elements of the claims he purports to advance. Therefore, the Court's earlier determination that Schiavo's own submission shows that the disputed payment was not stolen by anyone, but returned to Asplundh, settles the matter.[62] The Amended Complaint, like its predecessor fails to state a claim upon which relief may be granted.

---

[60] Amend. Compl. at ⁋ 1. It appears that Schiavo's allegation that TD Bank stole an additional $11,000.00 stems from him over drafting his account as a result of the third payment being returned to Asplundh. Compl. at Ex. G-2, D.I. 1.
[60] *Id.* at ⁋ 5.

[61] *Id.* at ⁋ 5.
[62] *Schiavo v. TD Bank USA National Association,* 2025 WL 551742, at *4.

**B. Failure to Comply with Rules.**

In both its decision dismissing Schiavo's Complaint and its Order finding him in civil contempt, the Court expressly warned Schiavo that he must follow the Superior Court Civil Rules if he chose to file an amended complaint. In particular, he was directed to comply with the pleading requirements of Rules 8(a), 9(b) if he alleged fraud, 10 (especially 10(b)), and 15(aa).[63] It further admonished him to be civil.[64]

In its Motion to Dismiss the Amended Complaint, TD Bank argues alternatively that the Amended Complaint should be dismissed for Schiavo's failure to comply with the Court's rules. Specifically, it faults the Amended Complaint for not containing a clear statement of its claims, failure to set off and identify the claims with specificity, and failure to include a demand for judgement, all in violation of Rule 8(a).[65] TD Bank further contends the Amended Complaint does not allege fraud with the particularity required by Rule 9(b);[66] does not limit its "prolix" paragraphs to "a statement of a single set of circumstances" and state each legal claim "in a separate count;"[67] and makes no attempt to identify where the Amended

---

[63] *Id.* at *5; *Schiavo v. TD Bank USA National Association,* 2025 WL 1088548, at *3.
[64] *Id.*
[65] Def.'s Mot. to Dismiss Amend. Compl. at ¶ 8, D.I. 72.
[66] *Id.* at ¶ 9.
[67] *Id.* at ¶ 10.

13

Complaint differs from the original as required by Rule 15(aa).[68] The Court treats this request as a motion to dismiss under Rule 41(b) – "For failure of the plaintiff to prosecute *or to comply with these Rules, or any order of the Court,* a defendant may move for dismissal of an action, or any claim against the defendant."[69]

In each instance, TD Bank is correct. It is obvious from the face of the Amended Complaint that it does not comply with Rules 8(a), 10, and 15(aa). The Amended Complaint levels most of its allegations of fraud against opposing counsel. It does not comply with Rule 9(b) because it does not state "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentations as well as what he obtained thereby."[70] Ordinarily, the Court gives considerable leeway to *pro se* litigants due to their unfamiliarity with the law and rules of the Court. Here, however, Schiavo has been pointed to specific rules and directed to follow them. The Rules bring order to the Court's proceedings. Schiavo's persistent refusal to follow them, including employing the artifice in his Response of placing his responsive arguments in exhibits to avoid page limitations,[71] has had the

---

[68] *Id.* at ¶ 11.
[69] Super. Ct. Civ. R. 41 (emphasis added).
[70] Super. Ct. Civ. R. 9(b).
[71] Super. Ct. Civ. R. 78(b). ("Responses in opposition to any motion …shall not exceed six pages in length…").

14

opposite effect. He was warned of the consequences of litigating the case by "Schiavo's Rules" and now he must face the consequence of dismissal.

## C. The Amended Complaint is Contumacious

Because the Court imposes the maximum sanction of dismissal, it is useful to set out a sufficient enough portion of the record to capture the magnitude of Schiavo's transgressions against the Court and opposing counsel. The Court has had to chastise Schiavo on multiple occasions for his continuous misbehavior throughout this litigation. The first occasion was after Schiavo filed motions to strike[72] and to sanction opposing counsel[73] following argument on TD Bank's initial motion to dismiss. On December 18, 2024, the Court entered an order striking both motions.[74] The Court held that, to the extent the motions "accuse[d] counsel of misconduct, the Court found them impertinent and scandalous."[75] It explained that:

> [w]hile the Court grants considerable leeway to *pro se* litigants such as Mr. Schiavo, it does not grant them license to make intemperate and defamatory accusations against opposing counsel. Contrary to Mr. Schiavo's apparent belief, as demonstrated in these and prior filings, every disagreement with opposing counsel, even where he believes them to be factually incorrect, is not an opportunity for him to accuse them of dishonesty and professional misconduct. The Court admonishes Mr.

---

[72] D.I. 19
[73] D.I. 20.
[74] D.I. 28.
[75] *Id.* at 2.

15

Schiavo to temper the language of any future filings. ***Failure to do so runs the risk of the Court imposing appropriate sanctions against him***.[76]

Two days later, the Court admonished Schiavo again. In an Order dated December 20, 2024, the Court struck Schiavo's motions to amend his complaints in both actions which were filed before he received the Court's December 18th Order.[77] It did so because they "[n]ot only repeat[ed] Mr. Schiavo's *ad hominum* attacks on opposing counsel, but they broaden[ed] the scope of his vituperative to include the Court." The Court also warned him that the Court will not consider any further filings "that include *ad hominum* attacks on anyone, including opposing counsel and the Court."[78] It also noted that even if the motions to amend were not stricken, they would be denied because they did not conform to Rule 15(aa).[79]

Schiavo next induced Frank Cascino, Vice President – Manager of Asplundh Engineering Services to write the Court.[80] Schiavo did so on the false representation to Mr. Cascino that "the TD Bank/Clover lawyers have accused [Mr. Cascino] of being involved in money laundering with [Schiavo]."[81] The tone of the letter was

---

[76] *Id.* at 2-3 (emphasis added).
[77] D.I. 29, at 1-2.
[78] *Id.* at 2.
[79] *Id.*
[80] D.I. 30.
[81] *Id.* at 1.

justifiably indignant – Mr. Cascino was "outraged and angry that TD Bank/Clover lawyers [had] accused Jems and myself of money laundering with no evidence … I am not a litigious person but I am so incensed that I am considering legal action against TD Bank/Clover."[82]  When asked at the civil contempt hearing to identify where counsel had made that accusation, after a pause of more than five minutes, Schiavo identified a comment at page 15, line 9 of the transcript of argument on the Defendants' motions to dismiss the Complaint.  That comment was made by neither counsel for Clover, nor TD Bank.  Instead, the Court, addressing counsel for TD Bank said:

> Well, you know, I am sort of curious here, because it seems from reading things that this … although you alluded to sort of a suspicious transaction, and, you know, I understand that you have these dollar amounts in the $10,000 range, roughly, occurring close together , that there can be structuring considerations.[83]

In fact, counsel for TD Bank said, addressing that same issue:

> …but I would note Mr. Schiavo's own allegations are that with a new customer, with whom it did not have a prior course of dealing, he has multiple transactions just under $10,000in close proximity, which, if you don't know anything about those transactions, could look like structured transactions designed to evade reporting requirement.

---

[82] *Id.* at 2.
[83] Hr'g. Tr. (Dec. 9, 2024) at 15:9-16, D.I. 32.

> *There is nothing untoward about such transactions, but it is also nothing that is reasonable conceivable that could be wrong about asking additional questions about them.*[84]

Schiavo's false accusations have not only unfairly maligned opposing counsel in the eyes of a non-party, but also exposed them and their clients to potential litigation.

Mr. Schiavo communicated with Jason Blusk, docketing a letter to him on February 10, 2025 that Schiavo wrote on February 4th.[85] Mr. Blusk is identified in the letter as "VP Operations Manager Merchant Solutions."[86] Mr. Blusk works for TD Bank.[87] In the letter, Schiavo demands that TD Bank "remit all money that was stolen from my bank account, Jems Classic Autos, which would include thew cash in the Jems Classic Autos account at the time my account was fraudulently back charged by TD Bank for the 10,175 dollars failed credit card payment I should have received from my customer Asplundh Engineering." He also threatens to take action with the F.B.I. and the Comptroller of the Currency whom he copies on his letter. Contacting an employee of a represented party directly threatening criminal action in order to gain an advantage in a civil action would not be looked upon favorably if Schiavo were an attorney.

---

[84] *Id.* at 7:11-8:1.
[85] D.I. 33.
[86] *Id.*
[87] *Id.*

Schiavo docketed another letter – this one to the Court – on February 10th. In that letter he described meeting with the FBI, the Comptroller of the Currency, and the State of Delaware Bank Commissioner.[88] He described a comment by the Court at oral argument that "It sounds like Mr. Schiavo's dispute is not with TD Bank but Asplundh Engineering" as representing:

> an extremely dangerous distorted understanding of reality, which everyone 1) the FBI, 2) the Office of the Comptroller of the Currency, 3) the ladies from the Delaware State Banking Commissioner's Office have confirmed that your ignorance of the facts on the case after six months should be considered intolerable.[89]

In commenting on oral argument, he wrote, "Trust me, it was everything I could do watching you pompous blowhards ack [sic] like you were better than me while I was the one telling the truth and you Judge Farris [sic] W. Wharton and the attorneys for TD Bank and Clover were lying and placating each other, it was despicable, hypocritical and completely unprofessional."[90]   He closed by citing Scripture:

> Therefore, it is important to realize the hypocrisy displayed in your dismissal of my motion to strike the lies advanced by the attorneys for TD Bank and Clover, the Bible addresses your actions specifically, "Woe to those who call evil good and good evil." Isaiah 5:20, this Bible verse highlights a significant ethical concern that has been relevant throughout history, particularly in the Delaware

---

[88] D.I. 34.
[89] *Id.*
[90] *Id.*

Court system. This verse warns against the tendency of individuals or societies to mislabel actions, behaviors, or ideologies that are inherently wrong (evil) as acceptable or (good) and vice versa. Therefore, Judge Farris [sic] W. Wharton when you denied my motion to strike the lies (evil) advanced by the attorneys for TD Bank and Clover you were calling evil good and my truth evil, this type of bigoted understanding of reality cannot be tolerated in a courtroom, consequently I am requesting you to recuse yourself so that I can maybe get a fair trial assuming I can get passed [sic] the next hurdle which is getting a trial by jury.[91]

In response the Court granted Schiavo permission to file a motion asking the Court to recuse itself. But it reminded him that his motion "must not go beyond the bounds of civility to which the Court holds all litigants, including *pro se* litigants" and "***[f]ailure to adhere to the bounds of propriety will result in the same fate as his prior impertinent filings.***"[92] No such motion was filed.

Schiavo filed another letter with the Prothonotary on February 13, 2025.[93] In it he complains about a letter he received from non-party Radius Global Solution, LLC alleging that he owed TD Bank $10,175.00. He states that he is "talking to the FBI about filing criminal complaints against everyone involved in this chicanery [presumably including the Court]."[94]

---

[91] *Id.*
[92] *Id.* (emphasis added).
[93] D.I. 36.
[94] *Id.*

On February 19, the Court issued its decision dismissing Schiavo's Complaint against Clover without prejudice.[95] Leave was granted to file an amended complaint on the following conditions:

> 1.  Any Amended Complaint shall comply with the pleading requirements of Superior Court Civil Rules 8(a), 9(b) (if fraud is alleged), and 10 (especially 10(b));
>
> 2.  Each claim shall state all of the elements necessary to allege such claim or risk dismissal with prejudice upon appropriate motion;
>
> 3.  Such Amended Complaint may join Clover Network, LLC and TD Bank USA National Association as well as any other prospective defendant in a single Amended Complaint either under this case, or under *Schiavo v. Clover Network, LLC,* C.A. No. N24C-07-135 FWW; and
>
> 4.  The Court will strike any Amended Complaint that includes language personally attacking opposing counsel or the Court.[96]

Thus, the ground rules were clearly established for any amended complaint Schiavo wished to file.

Schiavo did not take the dismissal well. His first letter, dated February 20th, addressed to the Court, included, *inter alia*, requests for permission to file a reargument motion and to request an evidentiary hearing.[97] His requests were

---

[95] *Schiavo v. Clover Network, LLC,* 2025 WL 551690 (Del. Super. Ct. Feb. 19, 2025).
[96] *Id.* at *5.
[97] D.I. 39.

21

accompanied by a threat to "contact the U. S. Attorney's Office to file an official complaints against you and the attorneys for TD Bank and Clover' if his requests were not granted.[98]  After an exegesis on judicial ethics, he wrote:

> before I take legal actions against you for violating court rules and your extreme bias towards me, and against the attorneys for Clover and TD Bank, along with the collection agency TD Bank employed to defraud me out of almost 11,000 dollar, I'm requesting you grant me leave to file a motion to reconsider your dismissal of my original complaints…[99]

He also challenged the accuracy of the transcript of oral argument – "after reading the same it appears the transcripts of the oral argument ***have been altered*** and are by no means complete."[100]  He continued:

> Judge Farris [sic] W. Wharton, if I'm correct and the transcripts of the oral argument have been altered, this altering of the transcript of the oral argument will also become a topic of conversation I will be presenting to the Delaware Judicial Ethics Advisory Committee and the Commission on Judicial Conduct along with the State Attorney General's office sometime next week if I have to go to war to protect my constitutional rights of due process.[101]

---

[98] *Id.*
[99] *Id.*
[100] *Id.* (emphasis in original).
[101] *Id.*

He then selected 23 portions of the oral argument transcript to critique the Court in disparaging fashion. To cite only one example:

> 2) Judge Farris [sic] W. Wharton, on page 9 of the transcripts of the oral argument, I Charles Schiavo simply said I didn't hear that last comment, and instead of politely stating to the attorney for TD Bank please repeat your last statement, you Judge Farris [sic] W. Wharton went berserk starting at page 9 lines 10-23 and lasting to page 10, lines 1-16, you started acting like a crazy person, demeaning me for simply saying I didn't hear the last statemen; this type of egotistical demeanor can only come from someone that holds an unhealthy hatred for someone or is a complete bigot, holding a god-like attitude towards anyone not on their professional level, because they don't wear a black robe. Trust me, it was disgusting to endure and completely uncalled for, treating people with respect is essential if you expect to get respect in return.[102] Judge Farris [sic] W. Wharton the next time we meet I expect an apology for your unprofessional and intolerable behavior displayed during oral argument and I'm sure the Delaware Judicial Ethics Advisory Committee and the Commission on Judicial Conduct along with the Attorney [sic] General Office will whole heartedly agree.[103]

---

[102] The irony here is not lost on the Court.

[103] D.I. 39. The cited section of transcript reads:

> **MR. SCHIAVO:** I didn't hear that last comment.
>
> **THE COURT:** Mr. Schiavo, you don't talk to opposing counsel, you talk to me. Okay?
>
> **MR. SCHIAVO:** I'm sorry You Honor. I just didn't understand.
>
> **THE COURT:** When you talk, you stand.

Schiavo's letter continued in that vein.  On February 26th, the Court granted his request to file a reargument motion[104] with the caveat that it must be filed within five days and comply with Rule 78(b)'s page limitations.[105]  It denied his request for an evidentiary hearing.[106]  It was not until  March 7th that Schiavo filed his reargument

**MR. SCHIAVO:**  Got it.

**THE COURT:**  These are rule, ground rules of the Court.

**MR. SCHIAVO:**  I understand.

**THE COURT:**  So I understand what you are trying to say is you didn't hear his last comment.

**MR. SCHIAVO:**  That's correct.

**THE COURT:**  Okay?  It comes through me, not directly to him.

**MR. SCHIAVO:**  I apologize.

**THE COURT:**  All right.  Fair enough.  Apparently Mr. Schiavo didn't hear what you said.  Go back to going into a Rule 56 motion.  Hr'g. Tr. at 9:10-10:16 (Dec. 4, 2024), D.I. 32.

---

[104] The Court had never required Schiavo to seek leave to file such a motion.
[105] D.I. 40.
[106] *Id.*

motion.[107]  The motion was denied because it was untimely and because it simply rehashed what Schiavo had argued previously.[108]

Instead of filing an amended complaint, Schiavo wrote the Court on March 20th[109] and again on the 21st.[110]  The March 20th letter repeated arguments about the third credit card payment and included this comment:

> …it became apparent that you never really grasped the salient points of the complaint evidenced by your irrational claims that my complaint should have been filed against Asplundh Engineering, which is completely insane. Judge no one possessing any cognitive reasoning power whatsoever could make such an uneducated, and completely contradictory comment that my claim should be against Asplundh Engineering unless they are cognitively disabled, a complete bigot, or they are being bribed by TD Bank and/or Clover.[111]

Schiavo also asked for an additional two weeks to file his amended complaint.[112] The March 21st letter, captioned "Regarding: Pissed off!," reargued the Court's order dismissing Schiavo's Complaint yet again.[113]  That letter expressed his feelings about the Court – "I am questioning your integrity, no one in possession of their

---

[107] D.I. 43.
[108] D.I. 44.
[109] D.I. 48.
[110] D.I. 49.
[111] D.I. 48.
[112] *Id.*
[113] D.I. 49.

cognitive skills or is not on the take can perform their job as poorly as you have over the last six months" and "'I'm perfectly convinced these proceedings are a scam, no judge can do his job as poorly as you have without being on the take."[114] This letter also asked for an additional two weeks to file an amended complaint and for permission to add defendants.[115]

It was at this point where the Court's patience with Schiavo ended and it determined to address Schiavo's conduct. Citing his March 20th letter and the numerous instances where the Court had admonished him to abstain from intemperate filings and to avoid *ad hominum* attacks on opposing counsel and the Court, on March 24th the Court issued an Order pursuant to Rule 64.1 for Schiavo to appear before the Court and show cause why he should not be held in civil contempt for the language of his March 20th letter in violation of the Court's Orders regarding intemperate language.[116]

Prior to the Rule 64.1 hearing on April 11th, the Court received a letter from Schiavo.[117] In that letter he objected to the Court presiding at the hearing and demanded a jury trial.[118] He also says that he has "contacted several psychiatrists in

---

[114] *Id.*
[115] *Id.*
[116] D.I. 51.
[117] D.I. 67.
[118] *Id.*

the State of Delaware, ***without referencing any names***, I requested, to have you analyzed to determine if you are suffering from cognitive issues, or if you are a complete bigot, meaning you hate every pro se litigant or possible accepting a bribe from the defendants."[119]  He requested that the Court provide a letter immunizing any such psychiatrist from retaliation.[120]

On April 11th, the Court held a hearing pursuant to Rule 64.1 where Schiavo had the opportunity to show cause why the Court should not find him in civil contempt.  At that hearing, Schiavo acknowledged notice of the Court's Orders directing him to refrain from using uncivil language in his filings.[121]  However, when given the opportunity to show cause why he should not be held in civil contempt, he was unrepentant, insisting on the truth of his allegations about counsel and the Court while attempting to relitigate the merits of his case.[122]  The Court found Schiavo in civil contempt and required him to pay a sum of $1,000.00 in each case in order to insure that any amended complaint: (1) complied with the pleading requirements of Superior Court Civil Rules 8(a), 9(b) (if fraud were alleged), 10 (especially 10(b)) and 15(aa); (2) that each claim was stated in separate counts, *i.e.* theft, fraud, breach

---

[119] *Id.* (emphasis in original).
[120] *Id.*
[121] *Schiavo v. TD Bank USA National Association,* 2025 WL 1088548 (Del. Super. Ct. Apr.11, 2025).
[122] *Id.* at *2.

of contract, *etc.*, and stated all of the elements necessary to allege such claim or risk dismissal with prejudice upon appropriate motion.[123] The Court warned Schiavo that it would strike any amended complaint that included language personally attacking opposing counsel or the Court.[124] It advised him that the sanction was not intended to be punitive. Rather, it was intended to cause him to amend his behavior and comply with this Court's expectations regarding civility towards opposing counsel and the Court in any future filings.[125]

Schiavo paid the required sums and filed his Amended Complaint on May 5th.[126] Despite being warned repeatedly to comply with specific rules of pleading, the Amended Complaint fails as discussed above. The Amended Complaint continues Schiavo's assault on opposing counsel and the Court. In Paragraph 3 he writes, "[H]owever, the Court has discarded the truth established by hard evidence while believing in the unfounded allegations by the attorneys for Clover and TD Bank, which is a clear violation of Delaware Superior Court Rules. **(See Exhibit Titled Delaware Superior Court Rules)**."[127] The Rules to which Schiavo cites in the exhibit are Delaware Lawyers' Rules of Professional Conduct Rules 3.3: Candor

---

[123] *Id.* at *3.
[124] *Id.*
[125] *Id.*
[126] Amend. Compl., D.I. 69.
[127] *Id.* at ⁋ 3 (emphasis in original).

28

Toward the Tribunal and 8.4: Misconduct, and Superior Court Civil Rule 11: Signing Pleadings, Motions, and Other Papers: Sanctions.[128] The exhibit also includes a section captioned "Penalties for Lying to the Court.[129] For good measure Schiavo adds sections on: (1) Judicial Ethics and Behavior, citing Delaware Code of Judicial Conduct Canon 2(A) regarding impropriety and the appearance of impropriety; (2) Criminal Behavior, citing Obstruction of Justice and Misconduct in Office ; and (3) Violations of Court Rules.[130] Similarly, in Paragraph 5.6 he writes, that in order for the Court to have dismissed his Complaint it had to:

> completely rely on the unfounded allegations made by the attorneys for TD Bank and Clover as exculpatory evidence with absolutely no documentation[s] to support their claims, **(Zero)** which must call into question the integrity of Judge Farris [sic] W. Wharton in the minds of everyone involved in these proceedings, including the Plaintiff…"[131]

He continues in Paragraph 6:

> Therefore, the Court, relying upon the erroneous and fabricated allegations advanced by the defense attorneys during these entire proceedings and oral argument, has/ violated the Plaintiff's constitutional rights of due process, which must result, if it continues in complaints being filed specifically against the attorneys for Clover and TD Bank, their respective law firms and the State of Delaware due to

---

[128] *Id.* at Exhibit Titled Delaware Superior Court Rules.
[129] *Id.*
[130] *Id.*
[131] *Id.* at ¶ 5.6 (emphasis in original).

29

the actions of Judge Farris [sic] W. Wharton during these entire proceedings.[132]

He writes in Paragraph 7, "for the Judge Farris [sic] W. Wharton to believe otherwise must bring into question his integrity."[133] And, in Paragraph 8, "Therefore, the above illogical and completely in accurate [sic] conclusion, made by Judge Farris [sic] W. Wharton, stands at the foundation of the reasons why the Plaintiff called into question the integrity of the attorneys…"[134] He concludes the Amended Complaint with the threat that:

> if this Chicanery continues, the Plaintiff is going to file a complaint against the attorneys for TD Bank and Clover inclusive of their respective law firms for patently misrepresenting the facts to the Court and the Plaintiff will be forced to bring Judge Farris [sic] W. Wharton in front of a discipline committee…[135]

These citations a merely examples. Virtually the entire Amended Complaint is a frontal attack on opposing counsel and the Court.[136] If that were not enough,

---

[132] *Id.* at ⁋ 6.
[133] *Id.* at ⁋ 7.
[134] *Id.* at ⁋ 8.
[135] *Id.* Conclusion at 26.
[136] Examples of his attacks on Clover's counsel are set out in the Court's Memorandum Opinion dismissing his Amended Complaint against Clover. *Schiavo v. Clover Network, LLC,* 2025 WL ____ (Del. Super. Ct. Jul. 28, 2025) Needless to say a complaint should contain comments critical of counsel only in the rarest of circumstances, if ever.

Schiavo attaches exhibits repeating comments for which he was held in civil contempt.[137]

Schiavo's Response to TD Bank's Motion to Dismiss, if anything, is even worse. In the body of the Response, in Paragraph 4, he refers to the "misrepresentations of facts" by the attorneys for TD Bank and Clover.[138] Paragraph 5 refers to the "erroneous allegations advanced by the defense counsel" and the "erroneous information advanced by the TD Bank attorney."[139] And in Paragraph 10 he refers to TD Bank's attorney's argument concerning Schiavo's failure to follow the rules of pleading as, "this ridiculous rant" and suggests that counsel "stop egregiously violating the Superior Court Rules that can get you disbarred from practicing law."[140]

Schiavo reserves his harshest comments about counsel and the Court for his exhibits. The first exhibit purporting to address the substance of TD Bank's Motion refers to Paragraphs 1-3 of the Motion.[141] It consists primarily of an attack on the

---

[137] *Amend. Compl.* Exhibit Titled Motion to Strike, at 5 ("Judge Farris [sic] W. Wharton is either mentally incognizant [sic] or a complete bigot…"); Exhibit Titled Letter Addressed to Judge Farris [sic] W. Wharton Titled "Pissed Off," D.I. 69.

[138] Pl.'s Resp. at ⁋ 4, D.I. 75.

[139] *Id.* at ⁋ 5.

[140] *Id.* at ⁋ 10.

[141] *Id.* at Exhibit Titled Answers to Paragraphs One Through Three.

truthfulness of TD Bank's attorney.[142]  The exhibit purporting to address Paragraph 9 regarding fraud includes these comments, "My comment is directed at [counsel for TD Bank], look genius, TD Bank obtained the free use of my 10,175 dollars for six months…" and "…it's almost impossible to respond without making some type of defaming remark.  OK Einstein…"[143]  In response to Paragraph 12 concerning Schiavo's failure to adhere to the rules of pleading, he responds, "Are you kidding me about this?  The only reason my original complaint was dismissed for failure to make a claim was that the attorneys for TD Bank and Clover were misrepresenting the real facts to the court…"[144]  In response to Paragraphs 13 and 14 regarding personal attacks,  Schiavo insists that the Amended Complaint contains no personal attacks.[145]  In response to Paragraph 15 regarding TD Banks's contention that Schiavo has continued his personal attacks, he says, "…are you kidding me, personal attacks would not be necessary if everyone involved with these proceedings followed Superior Court Rules and obey [sic] the law."[146]  In response to Paragraph 16 also relating to personal attacks, Schiavo writes, "…this is what the Plaintiff feels [TD Bank's attorney] should be desperately concerned about if he wants to continue

[142] *Id.*
[143] *Id.* at Exhibit Titled Explanations on Paragraph Nine.
[64] *Id.* at Exhibit Titled Explanations of Paragraph Twelve.
[145] *Id.* at The Explanations of Paragraphs Thirteen and Fourteen.
[146] *Id.* at The Explanations of Paragraph Fifteen.

maintaining freedom!"[147] Finally, in response to Paragraph 17, regarding TD Bank's argument that Schiavo flagrantly disregarded the rules, he writes, "Conversely, what this very confused attorney should be most concerned with is his constant misrepresentations of the real facts to Judge Farris [sic] W. Wharton, which is going to cost him his license to practice law."[148]

For nearly a year now, Schiavo persistently has failed to abide by the Court's orders, both in terms of civility and rules of procedure. The Court has no expectation that he would amend his behavior going forward if he were permitted to do so. Such an expectation would be a fool's errand upon which the Court will not embark. The Court will not subject counsel to Schiavo's vituperative should they be required to engage with him personally or to attend unchaperoned depositions if the Court allowed this case to go forward. There is no reason to believe Schiavo would honor the rules of evidence at a trial any more that he has honored the rules of civil procedure thus far.

Schiavo either is unable or unwilling to abide by the Court's rules and its expectations of civility. The Court will countenance Schiavo's contumacious behavior no longer. It must end and it does now.

---

[147] *Id.* at Exhibit Explanations Titled Explanations of Paragraph Sixteen.
[148] *Id.* at Exhibit Titled: Explanations Titled Explanations of Paragraph Seventeen.

## VI. CONCLUSION

**THEREFORE,** for the reasons explained above, Defendant TD Bank USA National Association's Motion to Dismiss the Amended Complaint is **GRANTED.** The Amended Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.